865 F.2d 262
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jack L. WIGAL, Sr., Plaintiff-Appellant,
v.
George WILSON; Linda G. Cooper, John D. Reese, Warden;
Tony Williams, Deputy Warden; Sharp, Senior Captain; Case,
Captain; Combs, Lt.; Chandler, Lt.; V. Underwood, Lt.;
D. Crouch, Lt.; Willard Aines, Lt.; David Hazelwood, Sgt.;
Seams, Sgt.; D. Judd; Kevin Leet; Edward S. Dennis;
Barnes, Correctional Officer; Michael Suter; H. Yeary; R.
Campbell; Jerry Bell; John Doe, Defendants-Appellees.
 No. 88-5664.
 United States Court of Appeals, Sixth Circuit.
 Dec. 16, 1988.
 
 1
 Before BOYCE F. MARTIN, Jr. and NATHANIEL R. JONES, Circuit Judges and JOHN FEIKENS, Senior District Judge.*
 
 ORDER
 
 2
 This pro se Kentucky prisoner appeals the district court's summary judgment dismissing his civil rights claim filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the briefs the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Jack Wigal, Sr., claimed that defendants, officials at the Kentucky State Reformatory in LaGrange, Kentucky, deprived him of constitutionally protected rights during the course of disciplinary proceedings. Wigal was found guilty of assaulting another inmate. He alleged that he was denied access to the court, access to legal materials and the opportunity to present a defense, that his right against self-incrimination was violated, and that the decision of guilt was improperly based on the testimony of confidential informants whose reliability had not been assessed.
 
 
 4
 Defendants filed a motion for summary judgment; Wigal filed a response and his own motion for summary judgment. Upon consideration of the record, the district court granted summary judgment in favor of the defendants and dismissed the case.
 
 
 5
 Wigal presents three arguments on appeal. First, he argues that he was denied due process because defendants failed to provide polygraph and forensic testing which, Wigal claims, would have yielded exculpatory evidence. Next, Wigal reasserts his claim that his right against self-incrimination was violated. Finally, he reasserts his claim that the statements of confidential informants were insufficient to support the finding of guilt.
 
 
 6
 Upon review, we conclude that summary judgment was proper because no genuine issue of fact exists and defendants are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Shavrnoch v. Clark Oil & Refining Corp., 726 F.2d 291 (6th Cir.1984).
 
 
 7
 Defendants were entitled to judgment as a matter of law on Wigal's first claim that he was denied access to evidence which would prove his innocence. An inmate facing disciplinary charges is afforded only minimum due process protections. These include prior notice of the charges, a hearing, the assistance of an inmate advisor, and a written decision including reasons for the decision. See Wolff v. McDonnell, 418 U.S. 539, 569-70 (1974). Review of the record reveals that these threshold requirements were met. While an inmate has a right to present a defense, defendants are not constitutionally required to administer polygraph or other forensic tests at the inmate's request.
 
 
 8
 Defendants were also entitled to summary judgment on Wigal's second claim. Contrary to his assertions, the fifth amendment right against self-incrimination does not extend to institutional disciplinary proceedings. See Baxter v. Palmigiano, 425 U.S. 308, 317, (1976).
 
 
 9
 Finally, Wigal's challenge to the statements of the confidential informants is unavailing. Wigal claimed a denial of due process because the disciplinary committee's decision of guilt was based in part on the statement of the informants and that the committee failed to make an independent assessment of the reliability of these informants. A recent Sixth Circuit case holds that "prison disciplinary committees are obligated to assess the reliability of inmate informants upon whose testimony they rely to deprive inmates of goodtime credits." Hensley v. Wilson, 850 F.2d 269, 283 (6th Cir.1988). However, the committee's failure to make the requisite finding does not rise to a constitutional violation except where the committee's decision is based "entirely or substantially" on the informants' testimony. See Hensley, 850 F.2d at 271, 276, 277. Because the committee's decision was not based "entirely or substantially" on the informant's statements, defendants were entitled to summary judgment.
 
 
 10
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John Feikens, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation